Dear Mr. Franklin:
You have requested the opinion of this office on the validity of the city using "blanket purchase orders" to cover a series of relatively small purchases from frequently used vendors. You have indicated that these "blanket purchase orders" allow the city to purchase a wide variety of goods that may cost as little as 50 to as much as $500 per item with a maximum of $4,800 on any purchase order. However, several such purchase orders may issue to the same vendor during one budget year.
This is not an acceptable practice under the Public Bid Law, La. R.S. 38:2211 and following. Section 2212A.(1)(a) requires, in pertinent part, that "all purchases of any materials or supplies exceeding the sum of ten thousand dollars to be paid out of public funds. . . shall be advertised and let by contract to the lowest responsible bidder who has bid according to the contract, plans, and specifications as advertised. . . and no such purchase shall be made except as provided in this Part." The law then provides certain requirements for purchases from $5,000.
The problem for which the City of Shreveport is using "blanket purchase orders" is a common dilemma in public procurement and is often referred to as dealing with "requirements contracts". When it is known that a volume of specific goods such as food, automobile parts, tires, sand, gravel, asphalt or other commodities will be needed during the course of a fiscal year, it is appropriate to advertise for bids at or prior to the beginning of the fiscal year for vendors to meet all of the city's anticipated requirements for such identifiable commodities during the approaching year at a fixed price per unit. The solicitation for bids will usually indicate the total dollar value of usage of such a contract for the prior fiscal year as a guide to potential bidders, without any assurance of a specific volume during the upcoming year. The city, however, does commit by such a contract to purchase all of its requirements for that commodity through this contract. After award and as the year progresses, release or purchase orders are issued against the contract for specified quantities with delivery dates, places and prices in accordance with the terms of the contract. Contracts for commodities such as automobile parts and office supplies are generally awarded on the basis of a "per cent off catalog list" prices with a procedure utilized to determine which catalog has the lowest average prices.
This "annual requirements contract" procedure has evolved over the years through consultations between this office, the Legislative Auditor's Office and political subdivisions as an acceptable solution to the problem of recurring small procurements of the same commodities. This process complies with the statute's requirement for public bids or quotations and avoids the problem of division of purchases in such a way that evades application of the bid laws.
In conclusion, it is our opinion that "blanket purchase orders" as described in your opinion request do not comply with the Public Bid Law. It is recommended instead that public bids or quotations be used in the future to award annual "requirements contracts" for such commodities.
I trust that this answers your inquiry. Please let me know if we may be of further assistance to you in this matter.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: GLENN R. DUCOTE Assistance Attorney General RPI/GRD/bb 0537z